THOMAS L. HULBURT, Appellant, v. FLETCHER A. DEFENDORF, as Supervisor, etc., Respondent

WILLIAM P. CHASE, Appellant, v. SAME, Respondent.

*Supervisor — right to compromise an action although the judgment therein is chargeable to the town — right of the town to order an appeal to be taken.*

An action having been brought against the supervisor of a town to recover for professional services rendered by the plaintiff, as an attorney and counselor-at-law, to the predecessor of such supervisor, judgment was entered in favor of the plaintiff for $804.30, and was appealed from by the supervisor, after which negotiations were carried on between the plaintiff and the supervisor, resulting in a stipulation, whereby it was agreed by the plaintiff that upon the payment of $400 and the costs, as entered in the judgment, with interest, and upon consideration that no appeal should be taken from such judgment by the defendant, the judgment should be satisfied and the action be discontinued, provided such payment should be made before the 15th day of February, 1891. The supervisor thereupon withdrew the notice of appeal from the judgment, which had been theretofore served, and leave was obtained from the Special Term to withdraw such notice of appeal, and on application to the General Term such appeal was dismissed, prior to which, however, a town meeting had been held, at which a resolution was passed directing the supervisor to appeal from the judgment.

*Held*, that, as there was no evidence that the compromise was not honestly made, the supervisor was not bound by the action of the town board, although, by the provision of the statute, the amount of the judgment was payable by the town after its audit by the town board.

That, in the absence of fraud, the supervisor had the power to settle the matter in dispute.

That although in certain actions, which may be maintained by parties against the town in its municipal name, it is made, by statute, the duty of the super-

visor of the town to place before the electors of the town a full statement of such suit or proceeding for their direction in regard to the defense thereof, the statute has no application, nor is the supervisor bound to accept the instructions of the town board, in an action brought against him in his individual name.

APPEAL by the plaintiff Thomas L. Hulburt from an order of the Supreme Court, granted at Special Term on the 31st day of March, 1890, and entered in the office of the clerk of the county of Monroe on the 22d day of April, 1890; and by William P. Chase from an order of the Supreme Court, granted at Special Term on the 22d day of April, 1890, and entered in the office of the clerk of the county of Monroe on the same day.

The order appealed from by Thomas L. Hulburt provided as follows:

*Ordered*, That Fletcher A. Defendorf, newly-elected supervisor of the town of Perinton, county of Monroe and State of New York, be, and he hereby is substituted in the place and stead of Thompson G. Jones as the defendant in this action; and it is further

*Ordered*, That the order entered in this action on the 5th day of March, 1890, dismissing and setting aside a notice of appeal duly filed herein with the clerk of Monroe county on the 29th day of January, 1890, be, and the same hereby is vacated and set aside, and the defendant may perfect his appeal from the judgment recovered by the plaintiff in this action, the notice of appeal already served upon the plaintiff on or about the 29th day of January, 1890, to be and continue the notice of appeal herein, the same being a copy of the notice of appeal filed in the clerk's office on the said 29th day of January, 1890; and it is further

*Ordered*, That the defendant may file and serve exceptions to the report of the referee within ten days from the entry of this order, *nunc pro tunc*, and may make and serve a case upon appeal with exceptions to the General Term, fifth department, from said judgment, and that he may have thirty days from the entry of this order in which to make and serve such case and exceptions, with ten dollars costs of this motion to be paid by the defendant to the plaintiff herein.

*Walter S. Hubbell*, for the appellant.

*James L. Angle* and *W. Martin Jones*, for the respondent.

MACOMBER, J. :

This action was begun in the month of May, 1889, against one Thompson G. Jones, supervisor of the town of Perinton, in the county of Monroe, to recover for professional services as an attorney and counselor-at-law, rendered to the predecessor of Jones, supervisor of such town, in an action in which such supervisor defended in behalf of the town. An answer was interposed and the case was referred to a referee to hear and determine the same. The amount claimed in the complaint by the plaintiff was the sum of $550, but at the trial, upon application, the complaint was amended in the amount of the claim, made so as to conform to the proof, and, in pursuance thereof, the referee reported a recovery, in the sum of $804.30, for the plaintiff.

Shortly after the entry of the judgment, in pursuance of such report, negotiations were begun by the then defendant with the plaintiff for a compromise of such judgment, in pursuance of what was then believed to be the public sentiment of a majority of the taxpayers of the town that it would be well to pay one-half of the recovery, besides costs, rather than further to litigate the matter. Accordingly a stipulation was entered into between the plaintiff and the supervisor of the town, by which, upon the payment of such sum of $400 and the costs, as entered in the judgment, with interest thereon from the time of the entry of the judgment, and upon a further consideration that no appeal should be prosecuted from such judgment by which the plaintiff should be put to further costs and expenses in collecting his claim, and the said sum of $400, besides costs, paid on or before the 15th day of February, 1891, then the judgment, as entered, should be satisfied and the action discontinued. Thereupon the defendant withdrew his notice of appeal to the General Term from the judgment which had theretofore been entered and served.

Accordingly, upon an application to the Special Term by both parties, leave was granted to the defendant to withdraw the notice of appeal, and in pursuance of the same agreement an application was made to the General Term on the 25th day of March, 1890, for the dismissal of such appeal, which was accordingly granted. Prior to this time a town meeting had been held at which a resolution was passed directing the supervisor to appeal from such judgment.

There is not in the papers before us any evidence that the compromise of the judgment was not honestly made and the agreement entered into for the best interest of all parties to the litigation. It is true that the moving papers allege, in a general way, that the compromise and the dismissal of the appeal were in pursuance of a conspiracy, yet no fact is stated on which such a conclusion can reasonably be based. The high character of the referee, upon whose report the judgment was entered, adds strength to the presumption of law that the judgment was correct. So, also, the characters of the attorneys of record preclude any assumption that the agreement by which this litigation was ended was not in all respects just and fair. It follows, therefore, that the order of the Special Term by which the notice of appeal was withdrawn, followed by the order of the General Term dismissing such appeal, both done in pursuance of the terms of the written agreement, must be deemed to be valid and unassailable by motion unless the same was made contrary to some statutory regulation.

The learned judge, at the Special Term, in his opinion, has held that the special town meeting directing that an appeal be taken was binding upon the defendant, and inasmuch as the plaintiff knew of such meeting and of the passage of such resolution, he is bound by it as well as the defendant. It is true that any judgment which was recovered against Jones, as supervisor of the town of Perinton, was, under the Revised Statutes (2 R. S., 474, §§ 102, 103), payable by the town, after the same had been audited by the town board, or that failing after it had been reported to the board of supervisors under whose direction a provision might be made for levying the same by tax upon the town. But it by no means follows, from these provisions of the statute, that the defendant had not full control over the management of the case within the ordinary rules governing the rights of parties to actions. If, in making the settlement, the defendant was guilty of any corrupt misconduct in office, by which the rights of the town were impaired, an action would lie in behalf of the town against him. Furthermore, had any fact been disclosed upon the motion as contained in the appeal papers, showing that such settlement was in fraud of the rights of the town or accomplished by means of deception practiced upon the supervisor or upon the court, an entirely different question would arise. In

the absence of such evidence we see no reason why the defendant should not have the power to settle the case in the manner above disclosed. The only objection that can be made to it is contained in 1 Revised Statutes (357, § 3), which is as follows · "In all legal proceedings against towns by name, the first process, and all other proceedings required to be served, shall be served on the supervisor of the town; and whenever any such suit or proceeding shall be commenced, it shall be the duty of the supervisor to attend to the defense thereof, and to lay before the electors of the town, at the first town meeting, a full statement of such suit or proceeding for their direction in regard to the defense thereof."

It will be seen, however, that the duty to lay before the electors of the town, at the town meeting, a statement of the suit or proceeding, so as to receive the direction of the town in regard to the defense thereof, is limited by the words of the statute to legal proceedings taken against the town by name. There is a class of actions, not necessary to refer to in detail, which may be maintained by the parties against the town in its municipal name. The processes in such cases are required to be served upon the supervisor, and he in turn is required to report the same to the town meeting. But there is no statutory requirement for him to lay before the town meeting, or to accept their instructions in actions against him in his individual name, and consequently an honest settlement of any litigation made by him ought to be deemed to be conclusive in behalf of the other side to the controversy. It was suggested in the opinion below that if the contention made in behalf of the plaintiff, that an actual majority of the electors of the town of Perinton were in favor of this compromise and settlement of the action and dismissal of the appeal was true, such fact might be ascertained at the next town meeting. But it seems to us that the decision of the courts ought not to be required to hang upon the votes of the electors of the town in such a matter as this. Six hundred taxpayers, being a majority, or at least half of the whole electors, had signed a petition for the settlement of the suit in pursuance of the action of the supervisor. A mere handful of electors assembled at the town meeting, under political manipulation, have passed a resolution asking that the order permitting such settlement be set aside, and the appeal from the judgment be prosecuted. Yet, as pointed out above, the decision

of two courts had been taken upon agreement of the parties to the action, honestly made without any pretense of deceit or overreaching by either side. Should we sustain this order, we might again, after the next March town meeting, with a different result of the annual voting of the town, be called upon to revise our present action and restore the order originally made.

The case of William P. Chase against the same defendant, which was argued with this case and upon the same facts, must, under the stipulation, abide the result of our determination in this action.

It follows, therefore, that the order appealed from should, in each case, be reversed, with ten dollars costs and disbursements; also, that the original motion made and heard at the time of the hearing of this appeal to vacate our order of March 25, 1890, must be denied, with ten dollars costs.

DWIGHT, P. J., and CORLETT, J., concurred.

Order appealed from in each case reversed, with ten dollars costs and disbursements, and the motion denied.